PER CURIAM.
On February 18, 2013, Joe Smithwick, IV, filed a petition for writ of habeas corpus with the Florida Supreme Court. In his petition, Smithwick essentially asked the supreme court to perform a second review of the circuit court’s February 7, 2013 “Order Denying Defendant’s Motion to Vacate Sentence/Petition for Writ of Habeas Corpus” (“summary denial order”). The reason the supreme court’s review would have been a “second review” is because Smithwick had previously appealed the same summary denial order in this Court’s case number 5D13-1022, which this Court per curiam affirmed. See Smithwick v. State, 112 So.3d 497 (Fla. 5th DCA 2013).
Notwithstanding this Court’s decision to affirm the summary denial order, the supreme court elected to treat Smithwick’s petition in case number SC13-496 as a notice of appeal, then transferred the matter to this Court for disposition. The supreme court instructed this Court to “treat the notice as if it had been originally filed there on the date it was filed in this Court.”
We have done so and dismiss Smithwick’s petition. The appeal in the instant case represents a second appeal of the very same summary denial order that was already affirmed in case number 5D13-1022. No posteonviction movant is entitled to two appeals, in separate proceedings, of the very same order. See generally Fla. R.Crim. P. 3.850(m) (barring frivolous collateral criminal pleadings). We caution Smithwick that any future frivolous pro se pleadings might result in the imposition of sanctions. See, e.g., Oakley v. State, 21 So.3d 76, 77 (Fla. 5th DCA 2009) (warning defendant that filing any additional successive and frivolous pro se petitions or appeals attacking his convictions and sentences would result in issuance of order to show cause why he should not be denied further access to court).
PETITION DISMISSED.
SAWAYA, LAWSON and COHEN, JJ., concur.